THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JIMMY SANTANA-MILLS,**

    **Plaintiff,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Defendant.**

Civ. No. 23-1527 (ADC)

## MEMORANDUM & ORDER

Plaintiff Jimmy Santana Mills filed a terse but direct three-sentence *pro se* complaint against the United States of America seeking "the issuance of a document certifying the [he] has rejected the imposition of United States citizenship." **ECF No. 5**. He accompanied his complaint with a request to proceed *in forma pauperis* without pre-payment of court filing fees. **ECF No. 2**.

The request to proceed *in forma pauperis* is **GRANTED**.

As to plaintiff's complaint, the Court observes that the same lacks a proper jurisdictional statement, citing only "foundation law" in the form of the "1. Paris treaty (1898) [and] 2. Jones-Shafroth law (1917)." **ECF No. 5**. The Court takes these to mean the Treaty of Peace between the United States of America and the Kingdom of Spain, Dec. 10, 1898, U.S.-Spain, 30 Stat. 1754, and the Jones Act, ch. 145, 39 Stat. 951 (1917). Neither the treaty nor the law, on their face, confer jurisdiction upon the U.S. district courts to grant the remedy requested—that is, an order compelling the United States of America to issue a certificate of loss of nationality.

The statute applicable to plaintiff's request is likely 8 U.S.C. § 1481, which regulates a native-born or naturalized U.S. citizen's loss of nationality by voluntary action or renunciation. The provisions of 8 U.S.C. § 1481 are administered and enforced by the U.S. Secretary of State pursuant to 8 U.S.C. § 1104(a). The statute does not provide for a private right of action to enforce its terms.

In any case, the complaint does not state any facts to the effect that plaintiff has complied with any of the provisions of 8 U.S.C. § 1481 or that he has otherwise engaged in any administrative procedure before the U.S. Department of State to obtain the requested certificate. Because it is not apparent from the complaint whether the Court has subject-matter jurisdiction or whether it can afford any relief to plaintiff, the Court hereby **DISMISSES** the complaint without prejudice under Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 21st day of March 2024.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**